UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR ALFONSO SOTO AGUILAR,<br><br>Defendant. | Case No.: 3:21-cr-01665-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

Defendant Victor Alfonso Soto Aguilar, proceeding pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based on Amendment 821 to the Sentencing Guidelines, (ECF No. 102). Pursuant to General Order 755, the Court referred Defendant's motion to Federal Defenders for review and filing of a status report to determine whether the pro se motion requires further assistance of counsel. (ECF No. 103). Federal Defenders determined that the pro se motion can proceed on the existing record. (ECF No. 105). The Government filed a response in opposition to Defendant's request for a sentence reduction. (ECF No. 109). Based upon the record and the law, the Court **DENIES** Defendant's motion to reduce sentence.

On August 18, 2021, Defendant pleaded guilty to four counts of a twenty-seven count indictment for one count of alien smuggling resulting in death in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (v)(II), and (a)(1)(B)(iv), and three counts of alien smuggling for

financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. (Indictment, ECF No. 18; Plea Agreement, ECF No. 70). At sentencing, the Court determined Defendant's base offense level was 12 pursuant to United States Sentencing Guideline (U.S.S.G.) § 2L1.1(a)(3). Defendant also received a 3-level upward enhancement pursuant to U.S.S.G. § 2L1.1(b)(2)(A); an upward enhancement to offense level 18 pursuant to U.S.S.G. § 2L1.1(6); and a 10-level upward enhancement pursuant U.S.S.G. § 2L1.1(b)(7)(D) because the offense resulted in a death. Defendant also received a 3-level downward adjustment for acceptance of responsibility. The Court calculated Defendant's total adjusted offense level as 25 with a criminal history score of $1^1$, and a criminal history category of VI, resulting in a guideline range of 57 to 71 months in custody. However, because 8 U.S.C. § 1324(a)(2)(B)(ii) requires a mandatory minimum of 60 months, the advisory range is adjusted to 60 to 71 months in custody. U.S.S.G. § 5G1.1(c)(2). Defendant was sentenced to 71-months in BOP custody for each count, to run concurrently, and three years of supervised release. (ECF No. 92).

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

(emphasis added).

Part A to Amendment 821 modified U.S.S.G. § 4A1.1(e) to now add one criminal history point instead of two "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal

---

[1] Defendant has no juvenile or adult convictions.

justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).  Because Defendant does not have criminal history points, Part A is inapplicable.

Part B of Amendment 821 provides a 2-level offense reduction for certain offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a).  Amendment 821 applies to those defendants that meet the following criteria:

1. the defendant has not received any criminal history points;
2. the defendant has not received an adjustment for terrorism (covered by § 3A1.4);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. *the offense did not result in death or serious bodily injury*;
5. the offense of conviction is not a sex offense;
6. the defendant did not personally cause substantial financial hardship (to be determined independently of the application of § 2B1.1(b)(c));
7. the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
8. the offense of conviction is not an offense involving individual rights (covered by § 2H1.1);
9. the defendant did not receive an adjustment under § 3A1.1 (hate crime motivation or vulnerable victim) or § 3A1.5 (serious human rights offense); and,
10. the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise.

U.S.S.G. § 4C1.1 (emphasis added).  Here, because Defendant's charged conduct resulted in a death, a sentence reduction under Amendment 821 is inapplicable.

///

///

///

///

Accordingly, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.  (ECF No. 102).

    **IT IS SO ORDERED.**

DATED: April 10, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE